856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Joe HENSLEY, Petitioner-Appellant,
v.
Gary LIVESAY, Warden, Respondent-Appellee.
 No. 88-5485.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 1
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, District Judge*.
 
 ORDER
 
 2
 This pro se petitioner appeals an order of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. Upon review of the record and the brief submitted by petitioner, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was convicted by a jury in the Criminal Court for Greene County, Tennessee for assault and battery, aggravated assault and armed robbery and was sentenced to a term of life imprisonment. Thereafter, upon the exhaustion of the various state proceedings available to secure review of his convictions, he filed a petition for a writ of habeas corpus in the district court for the Eastern District of Tennessee. As the sole basis of his claim for that relief, he maintained that he did not receive the effective assistance of counsel in that his attorney, who had represented him both at trial and on direct appeal, had failed to include a transcript of a suppression hearing as part of the record on the appeal. The district court, however, rejected that argument and ordered the dismissal of the petition for habeas relief. Petitioner subsequently filed this appeal.
 
 
 4
 The district court did not err in denying the petition for habeas relief. In order to prevail on a claim of ineffective assistance of counsel, petitioner must establish both that his attorney's performance was in fact lacking and that those errors resulted in his being so prejudiced as to render the underlying criminal proceeding unfair and its conclusion unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Petitioner has not satisfied either of those requirements. First, the quality of the representation afforded by petitioner's counsel was the subject of extensive factual findings by the Tennessee Court of Criminal Appeals, which, taken as a whole, suggest that the attorney's defense of his client was vigorous and well within the norms expected of a reasonable practitioner. Given those findings of fact and the presumption of correctness contained in 28 U.S.C. Sec. 2254(d), this court cannot conclude that the performance of petitioner's counsel was ineffective.
 
 
 6
 More important, the record demonstrates that petitioner experienced no prejudice from his counsel's failure to designate the transcript of the suppression hearing as part of the record on appeal. In that proceeding petitioner sought to prevent the admission of evidence which he characterized as the fruits of an illegal search and seizure. The opinion of the Tennessee Court of Criminal Appeals in petitioner's direct appeal, however, indicates that that challenged evidence was only a small part of that adduced against him. Accordingly, it is unlikely that his counsel's alleged neglect, even though it resulted in the admission of the purportedly tainted evidence, would have given rise to the reversal of petitioner's conviction. The balance of the evidence rendered in all events attested to the reliability of the jury's verdict of guilty.
 
 
 7
 Accordingly, the motion for appointment of counsel is hereby denied and the final order of the district court entered April 18, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation